# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Willie Glover (B-53595), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 20 C 0592 |
| v. | ) | |
| | ) | Hon. John Z. Lee |
| | ) | |
| Exoneration Project, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [3] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $26.43 from Plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee, and to continue making monthly deductions in accordance with this order. The Clerk of Court shall send a copy of this order to the trust fund officer at Robinson Correctional Center and the Court's Fiscal Department. Plaintiff's complaint [1], however, is dismissed for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915A. This dismissal counts as a strike under 28 U.S.C. § 1915(g), but is without prejudice to any state-law claims that might be implicated by these allegations. Plaintiff's motion for attorney representation [4] is denied as moot. This matter is closed. Final judgment shall enter.

## STATEMENT

Plaintiff Willie Glover, a prisoner confined at Robinson Correctional Center, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 regarding an issue with counsel in his attempt to prove his innocence of a wrongful conviction. Before the Court is Plaintiff's

application for leave to proceed *in forma pauperis* and his complaint for initial review pursuant to 28 U.S.C. § 1915A.

## I.     Plaintiff's Application For Leave to Proceed *In Forma Pauperis*

Plaintiff's application for leave to proceed *in forma pauperis* demonstrates he cannot prepay the filing fee and is thus granted. Pursuant to 28 U.S.C. § 1915(b)(1), (2), the Court orders: (1) Plaintiff to immediately pay (and the facility having custody of him to automatically remit) $26.43 to the Clerk of Court for payment of the initial partial filing fee and (2) Plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The Court directs the Clerk of Court to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this case.

## II.     Initial Review of Plaintiff's Complaint

Plaintiff's complaint, however, must be dismissed. Under 28 U.S.C. § 1915A, the Court is required to screen prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Courts screen prisoners' complaints in the same manner they review motions to dismiss under Federal

Rule of Civil Procedure 12(b)(6). *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). Courts also must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff's favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

Plaintiff alleges that in 2014 he began working with the Exoneration Project[1] and several attorneys associated with that project from the law firm of Loevy & Loevy, in his attempt to be found innocent of a prior conviction. Compl., ECF No. 1. For a period of time in 2014 through 2016, Plaintiff also worked for Loevy & Loevy. *Id*. at 4. During his time working for Loevy & Lovey, Plaintiff spoke out about certain issues and was unhappy with the lack of support he was receiving both monetarily from the Exoneration Project and in their representation of him in his

---

[1] The Exoneration Project is an Illinois not-for-profit legal services organization that operates a clinic at the University of Chicago Law School. Attorneys and support staff from Chicago area civil rights law firms work with law students to represent clients wrongfully convicted of crimes. https://www.linkedin.com/company/exoneration-project-at-the-university-of-chicago

attempt to be found innocent. *Id*. at 4–9. At some point, Plaintiff was informed that the Exoneration Project and its attorneys would no longer represent him. *Id*. at 4, 9. Plaintiff alleges that the Defendants' premature act of withdrawing their representation of him violates his constitutional rights. *Id*. at 9. Plaintiff names attorneys working with the Exoneration Project (from Loevy & Loevy) as Defendants.

Even if the foregoing allegations are true, they do not state a federal claim to support the civil rights action Plaintiff seeks to bring in this Court. A civil-rights claim under 42 U.S.C. § 1983 requires: "(1) the deprivation of a right secured by the Constitution or federal law" by "(2) [] defendants . . . acting under color of state law." *Wilson v. Warren Cty., Illinois*, 830 F.3d 464, 468 (7th Cir. 2016) (citing *Armato v. Grounds*, 766 F.3d 713, 719–20 (7th Cir. 2014)). The foregoing allegations meet neither requirement. The Defendants are private attorneys that assisted Plaintiff in attempting to prove his innocence; the allegations do not permit an inference that any of the attorneys were a state actor. After all, even a public defender provided to an indigent defendant in a criminal proceeding in state court does not act under color of state law when performing his duties as counsel. *See, e.g.*, *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *French v. Corrigan*, 432 F.2d 1211, 1214–15 (7th Cir. 1970). The Court also discerns no cognizable constitutional right that was allegedly violated by the attorneys' alleged behavior.

Because Plaintiff has not asserted a violation of his federal rights by a state actor, Plaintiff has not asserted a claim under § 1983. Nor does Plaintiff allege (and it does not appear) that the Court has diversity jurisdiction over any state-law claim Plaintiff may be attempting to raise pursuant to 28 U.S.C. § 1332(a)(1).

Accordingly, the Court dismisses the complaint for failure to state a claim on which relief may be granted. Given the allegations, amendment of the complaint would be futile. *See Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011) (explaining that a plaintiff may plead himself out of court by alleging facts that defeat his claim); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008) (same). Plaintiff is advised to consider whether he may properly pursue a remedy within the state-court forum. The dismissal of this case counts as a dismissal under 28 U.S.C. 1915(g). *See Richards v. Flynn*, 263 F. App'x 496 (7th Cir. 2008) (affirming dismissal of action against attorney for failure to state claim on which relief may be granted and assessment of strike). This case is terminated. Final judgment will be entered.

If Plaintiff wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non-meritorious, Plaintiff could be assessed another "strike" under 28 U.S.C. § 1915(g). *See Richards*, 263 F. App'x at 496 (assessing strike for frivolous appeal of dismissal of § 1983 claim against attorney). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he is in imminent danger of serious physical injury. *Id.* If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in this Court. *See* Fed. R. App. P. 24(a)(1).

Plaintiff need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Plaintiff wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). A Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). A Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

Date: 2/4/20                                    /s/John Z. Lee